[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17028
Non-Argument Calendar

_____

D.C. Docket No. 05-00128-CR-T-17-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOSMAN R. GRANJA-PORTOCARRERO,
a. k. a. Losman Ricardo Granja-Portocarrero,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 20, 2006)**

Before EDMONDSON, Chief Judge, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Losman Granja-Portocarrero appeals his 135-month sentence imposed after he pled guilty to (1) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 App. U.S.C. § 1903(a), (g), and (j); and 21 U.S.C. § 960(b)(1)(B)(ii).  No reversible error has been shown; we affirm.

Granja-Portocarrero first argues that the district erred in denying him a minor role reduction, U.S.S.G. § 3B1.2(b).  He asserts that he was less culpable than the other persons found on the boat (which was carrying 4,000 kilograms of cocaine) because he was "only a courier" and was not responsible for planning the delivery or distribution of the cocaine.  Granja-Portocarrero also asserts that the small fee he received for his participation indicates that he played a minor role in the smuggling operation.

We review for clear error the district court's determinations about a defendant's role in an offense.  United States v. Ryan, 289 F.3d 1339, 1348 (11th Cir. 2002).  The burden is on the defendant to establish his role by a

preponderance of evidence.  Id.  Under U.S.S.G. § 3B1.2(b), "[a] defendant warrants a two-level reduction for playing a minor role in an offense if he is less culpable than most other participants, although his role could not be described as minimal."  Id.  Sentencing courts should consider two elements when determining a defendant's role in an offense: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct."  United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc).

The district court committed no clear error in determining that Granja-Portocarrero's role in the offense was more than minor.  About the first element, Granja-Portocarrero's sentence was based only on the relevant conduct for which he was held accountable at sentencing: the 4,000 kilograms of cocaine seized from the boat on which he was paid to work.  And in the drug courier context, a large amount of drugs is an important factor in determining the availability of a minor role adjustment.  Id. at 943 ("[T]he amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct. . . .  [W]e do not foreclose the possibility that amount of drugs may be dispositive . . . .").  About the second element, Granja-Portocarrero was one of only six crew members on the boat, which was carrying over four tons of cocaine.  He has failed to show

3

that he "was less culpable than <u>most</u> <u>other</u> <u>participants</u> in [his] relevant conduct." <u>Id.</u> at 944. We see no clear error in the district court's refusal to apply a minor role reduction in this case.[1]

Granja-Portocarrero next argues that his sentence was unreasonable under the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). He contends that, in determining his sentence, the district court should have considered that he was responsible for several family members who live in poverty and that he joined the smuggling operation to make money for his family. Granja-Portocarrero also asserts that the district court failed to consider sufficiently the need to avoid unwarranted sentencing disparities with other defendants who were involved in similar drug smuggling operations but received shorter sentences.

Granja-Portocarrero was sentenced after the Supreme Court issued its decision in <u>Booker</u>; so we review his sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). <u>United States v. Winingear</u>, 422 F.3d 1241, 1244-46 (11th Cir. 2005). Under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the

---

[1]In addition, we reject Granja-Portocarrero's argument that the district court "automatically aggravated" his sentence by effectively characterizing him as an average participant in the smuggling operation because, as we have discussed, the burden is on Granja-Portocarrero to establish that he was entitled to a minor role reduction. <u>See</u> <u>De Varon</u>, 175 F.3d at 939 ("The proponent of the downward adjustment -- here the defendant -- always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence.").

history and characteristics of the defendant, the need for adequate deterrence and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Granja-Portocarrero's sentence was reasonable. The district court correctly calculated his Guideline imprisonment range as 135 to 168 months; and the court sentenced Granja-Portocarrero to the lowest point of that range.[2] See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable").

In addition, in sentencing Granja-Portocarrero, the district court noted the section 3553(a) factors, commenting in particular on the poverty in which Granja-Portocarrero and his family lived and the destructive effect of cocaine smuggling. The district court also considered arguments made by the parties at Granja-Portocarrero's sentencing hearing about sentences received by minor participants in other cases. The district court judge was not required to discuss all of the section 3553(a) factors at the sentencing hearing. See United States v. Scott, 426

---

[2]Except for disputing the district court's decision not to apply a minor role reduction to his sentence, Granja-Portocarrero does not challenge the district court's calculation of his Guideline range.

5

F.3d 1324, 1329 (11th Cir. 2005) (explaining that "nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors"). And nothing in the record convinces us that Granja-Portocarrero's sentence was unreasonable in the light of the section 3553(a) factors.[3]

AFFIRMED.

---

[3]The government argues that Granja-Portocarrero's failure to raise an objection in district court to the reasonableness of his sentence, or to argue that the district court did not consider sufficiently the section 3553(a) factors, indicates that, instead of reviewing his sentence for reasonableness, we should review Granja-Portocarrero's challenge on appeal to the reasonableness of his sentence only for plain error. We need not decide this issue because, for the reasons discussed, Granja-Portocarrero's claim that his sentence was unreasonable fails under either standard of review.